# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH A. AKERS and | ) | CASE NO. 09-10806(1)(7) |
| LORA A. AKERS | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| JOSEPH A. AKERS and | ) | |
| LORA A. AKERS | ) | |
| | ) | |
| Plaintiff(s) | ) | ADV. PRO. NO. 09-01034 |
| | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC. | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Defendant and Counter-Claimant, CitiMortgage ("CitiMortgage") and the Cross Motion for Summary Judgment of Plaintiffs and Counter-Defendants, Debtors Joseph and Lora Akers ("Debtors"). The facts of this case are undisputed and as the following demonstrates, CitiMortgage is entitled to Judgment in its favor as a matter of law. A Judgment in favor of CitiMortgage accompanies this Memorandum-Opinion.

## UNDISPUTED FACTS

On or about January 31, 2005, Debtors and Katherine Crumpton borrowed the sum of $77,647 from Union Federal Bank of Indianapolis. They executed a Promissory Note for the loan,

the purpose of which was to purchase a 2004 Champion manufactured home (referred to hereafter as the "Manufactured Home").

At the time the Promissory Note was executed, Lora Akers owned two tracts of land in Barren County, Kentucky. As part of the loan closing, Debtors executed a Deed and conveyed the two tracts to Lora Akers and Crumpton, jointly with rights of survivorship.

On January 31, 2005, Debtors and Crumpton executed and delivered a Mortgage to Union Federal, which was recorded in the Barren County Clerk's Office on February 4, 2005. The Mortgage contained a "Recorded Affixation Affidavit Regarding Manufactured Home," which specifically stated that Debtors and Crumpton "agree to surrender the Certificate of Title." It further provided that it was the parties' intent that the Manufactured Home become part of the real property securing the Mortgage.

The Note and Mortgage were assigned by Union Federal to Mortgage Electronic Registration System, Inc., which then assigned both the Note and the Mortgage to CitiMortgage.

On August 30, 2007, CitiMortgage instituted a foreclosure action in the Barren Circuit Court after Akers and Crumpton defaulted on the loan. Debtors and Crumpton failed to answer the Complaint and the Barren Circuit Court entered a Judgment and Order of Sale against them on October 9, 2007. The Judgment directed the Master Commissioner to request a duplicate Title to the Manufactured Home and to file an Affidavit of Conversion on behalf of Akers and Crumpton. Prior to the foreclosure sale, Debtors, Crumpton and CitiMortgage reached an agreement and the sale was canceled.

CitiMortgage continued its efforts to perfect its security interest in the Manufactured Home by obtaining a duplicate Certificate of Title, had the Master Commissioner sign an Affidavit of Conversion and recorded the documents with the Barren County Clerk on October 9, 2008.

Debtors and Crumpton again defaulted on the loan.

On May 1, 2009, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

Debtors filed this adversary proceeding on August 10, 2009 and the main case was closed. During the Chapter 7 case, Debtors and Crumpton moved in the state court foreclosure action to void the Judgment and Order of Sale. On August 5, 2009, the Barren Circuit Court entered an Order vacating its October 9, 2007 Judgment.

## **LEGAL ANALYSIS**

Debtors initiated this adversary proceeding seeking a declaratory judgment stating that CitiMortgage failed to perfect its lien on the Manufactured Home and that its claim is unsecured. In response, CitiMortgage's counterclaim states that through its Mortgage it holds a superior lien against the real property and that the Manufactured Home is part of the real property securing its loan to Debtors. For the following reasons, the Court determines there are no genuine issues of material fact and that CitiMortgage is entitled to summary judgment as a matter of law. CitiMortgage holds a valid first, prior and superior lien on the real property which includes the Manufactured Home.

The undisputed facts establish that the Debtors and Ms. Crumpton consensually granted CitiMortgage a lien on the Manufactured Home. The documents of record establish that Debtors' and Crumpton's clear intent was to make the Manufactured Home part of the real estate. Although

3

they had agreed to surrender the Certificate of Title, they failed to do so despite CitiMortgage's efforts to obtain it.

Under Kentucky law, a grant of a mortgage or security interest is binding between the parties, regardless as to whether or not it is perfected. KRS 355.9-203; Straeffer v. Rodman, 146 Ky. 1,141 S.W. 742 (1911). Kentucky recognizes equitable liens which attach upon the advancement of money. State Street Bank & Trust Co. of Boston v. Heck's, Inc., 963 S.W.2d 626, 630 (Ky. 1998). Such a lien is effective as against the mortgagor and anyone dealing with the property with actual knowledge of it. Id.

Debtors cannot rely on 11 U.S.C. §522(f) to avoid CitiMortgage's lien. The lien was consensual and is not a judicial lien or a non-possessory, non-purchase money security interest. Therefore, it does not fall within the parameters of §522(f).

Debtors also cannot rely on §522(h), which allows avoidance if the debtor could have exempted the property under (g)(1) of §522. However, the exemption cannot be raised unless the transfer of the interest sought to be avoided was a voluntary transfer of the debtor. The debtor who grants a mortgage is not entitled to thereafter void the mortgage, a voluntary act, by using the trustee's avoiding powers of §522. In re Trentman, 278 B.R. 133, 135 (Bankr. N.D. Ohio 2002). "Such a rule is clearly grounded in common sense as to permit a debtor, who willingly mortgages his or her property, the power to later avoid that mortgage would permit that debtor to receive a windfall." Id.

Debtors contend that creditors must assume the responsibility for seeing to the perfection of their own security interest or bear the consequences of failing to do so, (citing In re Groves, 64 B.R. 329 (Bankr. N.D. Tenn. 1986)). In this case, CitiMortgage diligently tried to perfect its interest in

4

the Manufactured Home according to Kentucky law. The documents executed by Debtors and Ms. Crumpton show that Debtors intended the Manufactured Home to be part of the real estate and that they would surrender the Certificate of Title. When they failed to do as they had agreed, CitiMortgage obtained a Judgment and authority to obtain a duplicate Certificate of Title and Affidavit of Conversion. Debtors' action to have the Judgment set aside were contrary to their expressed intent at the time the loan was closed. The Order vacating the Judgment also did not affect the affidavit of Conversion. Under these circumstances, the Court cannot state that CitiMortgage failed to diligently act to secure its claim. Accordingly, Debtors are not entitled to avoid the Mortgage.

## CONCLUSION

For all of the above reasons, the Court will enter summary judgment in favor of Defendant and Counter-Claimant CitiMortgage on its Motion for Summary Judgment. A Judgment accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 3, 2010

5

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOSEPH A. AKERS and | ) | CASE NO.  09-10806(1)(7) |
| LORA A. AKERS | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| JOSEPH A. AKERS and | ) | |
| LORA A. AKERS | ) | |
| | ) | |
| Plaintiff(s) | ) | ADV. PRO. NO. 09-01034 |
| | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC. | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there are no genuine issues of material fact and Defendant and Counter-Claimant CitiMortgage, be and hereby is, entitled to Judgment in its favor against Plaintiffs and Counter-Defendants Joseph and Lora A. Akers.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Complaint of Plaintiffs and Counter-Defendants Joseph and Lora A. Akers, be and hereby is, dismissed with prejudice.

This is a final and appealable Judgment.  There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  May 3, 2010